# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SIDNEY R. WASHINGTON,<br>Petitioner, | : | CIVIL NO. 3:10-CV-0002 |
| | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| DAVID VARANO, et al.,<br>Respondents | : | |

## MEMORANDUM

Before the Court is the *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Sidney R. Washington (alternatively "Washington" or "petitioner"). Therein, Washington contends that the recalculation of his maximum sentence following revocation of his parole for purposes of parole eligibility by the Pennsylvania Board of Probation and Parole (the "Board"), violated his constitutional right to due process. (Doc. 1.) For the reasons set forth below, the petition will be dismissed for failure to exhaust both administrative and state court remedies.

## I.  Factual and Procedural History

The factual and procedural history as set forth in the declaration of Cynthia L. Daub, Board Secretary of the Pennsylvania Board of Probation and Parole, and which essentially mirrors the pertinent history set forth in the petition, is as follows:

> 6. On December 14, 2004, Petitioner, Sidney Washington, was sentenced to a total term of imprisonment of 3 years to 6 years for committing two counts of Burglary (Attachment #1).
>
> 7. Washington's controlling minimum sentence date was March 21, 2007 and

his original controlling maximum sentence was March 21, 2010. (Attachment #1).

8. By a decision rendered November 28, 2006, the Board conditionally granted Washington parole to a Community Corrections Residency after the expiration of his minimum sentence. (Attachment #2).

9. On June 11, 2007 the Board released Washington on parole to the Liberty Management Community Corrections Facility. (Attachment #3).

10. Subsequently, however, on December 9, 2008, Washington was arrested by the Darby Borough Police Department and charged with Simple Assault, Harassment, and Disorderly Conduct. (Attachment #4).

11. Although the criminal charges in this matter were dismissed on December 17, 2008, by a decision mailed March 26, 2009, the Board recommitted Washington as a technical parole violator for violating condition #1 (leaving the district without permission) of his parole. (Attachment #5).

12. By that same decision, the Board reparoled Washington to the Kintock Back-On-Track Community Correction Residency. (Attachment #5).

13. On April 20, 2009, Washington was released on reparole to the Kintock Center. (Attachment #6).

14. However, on May 7, 2009, the Darby Borough Police Department again arrested Washington and charged him with Criminal Trespass, Criminal Mischief, and Receiving Stolen Property. (Attachment #7).

15. Subsequently, on June 17, 2009, Washington pled guilty to the crime of Receiving Stolen Property and Judge Keeler of the Delaware County Court of Common Pleas sentenced Washington to time served to 23 months of incarceration. (Attachment #7).

16. By a decision mailed June 24, 2009, the Board recommitted Washington as a technical parole violator to serve his unexpired term. (Attachment #8).

17. Additionally, by a decision mailed November 30, 2009, the Board recommitted Washington as a convicted parole violator to serve 10 months and 14 days of backtime for committing the offense of receiving stolen

property. (Attachment #9).

18. The decision mailed November 30, 2009 also set a review date of in or after May 2010 and recalculated Washington's parole violation maximum date from March 21, 2010 to November 16, 2011. (Attachment #9).

(Doc. 10-2; see also Doc. 1, at ¶¶ 11-17.)

Also contained in Daub's declaration was the following explanation of how the Board recalculated Washington's parole violation maximum date from March 21, 2010 to November 16, 2011:

a. when Washington was released on reparole on April 20, 2009, his parole maximum date was March 21, 2010, which left 335 days remaining on his sentence;

b. due to his June 17, 2009 conviction for a crime he committed while on parole, Washington automatically forfeited credit for all of the time he spent at liberty on parole;

c. Washington also automatically forfeited the 547 days he was on parole previously from June 11, 2007 until December 9, 2008;

d. adding 547 days to the 335 days Washington had remaining resulted in a total of 882 days of backtime that Washington still owed on his sentence;

e. Washington became available to begin serving the backtime on his original sentence at institution number GB0-0322 on June 17, 2009, the day he was sentenced on his new Delaware County conviction;

f. adding 882 days to June 17, 2009 yields a new parole violation maximum date of November 16, 2011. (Attachment #10).

(Doc. 10-2, at ¶ 19.) "There is no record in the Board's files that Washington ever filed a petition for administrative relief with the Board challenging the Board's decision to recalculate his maximum sentence date to November 16, 2011." (Id. at ¶ 20.) The instant

3

petition was filed on January 4, 2010. (Doc. 10.)

## II. Discussion

Respondents seek dismissal of the petition based on Washington's failure to seek final administrative review and exhaust his state court remedies. Absent unusual circumstances, federal courts will not consider the merits of a claim for habeas corpus unless the petitioner has complied with the exhaustion requirement set out at 28 U.S.C. § 2254(b)(1)(A). This provision requires that the petitioner give the state courts a fair opportunity to review his allegations of constitutional error before seeking relief in the federal court. See Baldwin v. Reese, 541 U.S. 27, 29 (2004). Pursuant to the habeas statute, a petitioner has not exhausted the remedies available in the courts of the state "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

To properly exhaust a claim involving a determination by the Parole Board, the petitioner must first seek administrative review with the Parole Board within thirty days of the mailing date of the Board's decision. See 37 Pa. Code § 73.1(a). Once the Parole Board has rendered a final decision, the petitioner must seek review in the Commonwealth Court. See 42 Pa.C.S.A. § 763(a). Unlike appeals and collateral review of convictions, a petitioner challenging the Commonwealth Court's denial of parole relief must seek review in the Pennsylvania Supreme Court in order to satisfy the exhaustion requirement. Pagan v. Pennsylvania Bd. of Prob. and Parole, 2009 WL 210488 *3 (E.D.Pa. January 22, 2009); see also Brown v. Pennsylvania Bd. of Prob. and Parole, 2010 WL 2991166 (E.D.Pa. July 28,

2010). If the petitioner fails to seek review from the Supreme Court of Pennsylvania, then the state claim is unexhausted. See Williams v. Wynder, 232 Fed. App'x. 177, 181 (3d Cir. 2007).

The record reveals that Washington failed to file a petition for administrative review challenging the Board's recalculation of his maximum sentence and the time for doing so has expired. Moreover, he failed to file a petition for review with the Commonwealth Court, making the claims unexhausted. The time for him to file a petition for review with the Commonwealth Court has also expired. See PA.R.A.P. 903(a) (notice of appeal shall be filed within thirty days after the entry of the order from which the appeal is taken). He is consequently time-barred under state law from seeking such review, and he is in procedural default for failure to comply with the state filing requirement. See Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991).

"Procedurally defaulted claims cannot be reviewed unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Brown v. Pennsylvania Bd. of Prob. and Parole, 2010 WL 3025617 *2 (E.D.Pa. June 7, 2010) (internal quotations omitted). In an effort to establish cause for the default, Washington claims that he filed an administrative appeal, dated December 2, 2009, of the Board's November 20, 2009 decision.[1] (Doc. 13, at 10.) He contends that because the

---

[1] Significantly, he does not reference this appeal when he set forth the facts and procedural background in the original petition. (Doc. 1.)

5

Board never ruled on the appeal he was prevented from pursuing his state court remedies. (Doc. 13, at ¶ 8.) However, there is no indication that any such appeal was forwarded to the Board as there is no address on the document, no certificate of mailing is attached, and it is void of any mail markings. Casting more doubt on the veracity of petitioner's assertion that he filed an administrative appeal are the mailing dates. For instance, he Board's decision was not mailed until November 30, 2009. (Doc. 13, at 10.) The date on the document Washington represents as his appeal is December 2, 2009. It is unlikely that a document mailed on November 30, 2009, would have arrived at a state correctional institution and been distributed within two days time. (See Doc. 10-2, at 25.) It is also highly unlikely that an appeal would have been drafted and mailed to the Board in this same time frame. Because the Board has no record of the filing of an appeal, it was necessary for Washington to come forward with evidentiary proof of such filing. He has not met his burden and, therefore, has failed to demonstrate cause for the default and actual prejudice. He also fails to demonstrate that a failure to consider these claims will result in a fundamental miscarriage of justice as he is challenging the denial of parole and does not assert that he is actually innocent of the underlying crime. Consequently, he is precluded from pursuing habeas relief on the issue raised in the petition.

### III. Conclusion

Based on the foregoing, the petition for writ of habeas corpus will be dismissed for failure to seek final administrative review and exhaust state court remedies.

An appropriate order follows.

BY THE COURT:

_____
JUDGE JAMES M. MUNLEY
United States District Court

Dated: December 10, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SIDNEY R. WASHINGTON, : CIVIL NO. 3:10-CV-0002
      Petitioner, :
 : (Judge Munley)
v. :
 :
DAVID VARANO, et al., :
      Respondents :

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

AND NOW, to wit, this 10th day of December 2010, upon consideration of the petition for writ of habeas corpus, and in accordance with the foregoing memorandum, it is hereby **ORDERED** that:

1. The petition for writ of habeas corpus is DISMISSED.

2. The Clerk of Court is directed to CLOSE this case.

3. There is no basis for the issuance of a certificate of appealability. See 28 U.S.C. § 2253(c)

BY THE COURT:

_____
JUDGE JAMES M. MUNLEY
United States District Court